[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is an administrative appeal wherein the plaintiff, RCK Builders, Inc. ("RCK") appeals a decision of the Planning 
Zoning Commission of the Town of Guilford ("the commission") approving, with modification, the plaintiff's application for an open space subdivision. The applicant's plan, as submitted, envisioned a subdivision of 35 lots. The defendant approved the plan for open space subdivision, but limited the number of lots to 30.
In a companion case, Belanger v. Planning Zoning Commissionof the Town of Guilford, No. CV 98-0413230 S, RCK joined the commission as a defendant where the plaintiffs asked the court to CT Page 9222 reverse the decision of the commission approving with modification, the said application for subdivision as illegal, arbitrary and in abuse of discretion. The court denied said appeal, entering judgment in favor of the defendants, thus rendering the instant matter ripe for decision.
 II
At the regular meeting of the defendant commission, held on October 1, 1997 the plaintiff requested permission to apply for an open space subdivision, pursuant to the open space subdivision regulations of the Town of Guilford (Section 272-21). Said regulations require that an applicant submit two alternate preliminary plans, one for a standard subdivision and one for an open space subdivision, and the applicant complied. At its next regular meeting, held on October 15, 1997, the commission voted to approve the concept of an open space subdivision, generally as presented. The applicant then submitted an application for section one of its proposed open space subdivision and on December 3, 1997, the commission voted to receive said application. On February 15, 1998, RCK submitted an application for section two of its proposed open space subdivision. Section two encompassed the section one application and thereafter the commission considered both sections together. The commission reviewed the application at its meetings of February 4, 10 and 18, 1998, and on April 9, 1998. Two site walks were also conducted, on October 11, 1997 and on February 10, 1998. A special meeting was held on January 29, 1998. In the course of this review, RCK made revisions to its proposal, in an effort to meet various concerns. On April 9, 1998, after discussion, the commission voted to approve the open space application, but with a reduction of lots from 35 to 30.
It is the plaintiff's claim that such modification was illegal in that RCK, having met all applicable standards for approval, the commission was obligated to approve the said application without modification.
 III
Applications for open space subdivision are governed by the provisions of Section 272-21 of the zoning regulations of the Town of Guilford. The design standards to be applied to open space subdivisions are listed under Section 272-21 D, including:

CT Page 9223 (1) Density. The number of lots shall not exceed the number of lots permitted in a standard subdivision, except that where the standard subdivision has six lots or more, the open space subdivision may have one additional lot for each six lots in the standard subdivision.
It is the plaintiff's position that any discretion bestowed by the term "may" in the above design standard is bestowed on the applicant. In October, 1997, RCK submitted a preliminary standard subdivision plan which called for 30 standard lots. Subsequently, RCK submitted a more detailed standard subdivision plan, which showed 31 standard lots. RCK claims all the standard lots met regulation standards and therefore it is entitled to add one lot for each six lots in the standard subdivision. RCK thus is entitled to 35 lots and the commission, RCK argues, in approving the application, had no discretion to reduce the number of lots permitted.
 IV
A planning zoning commission, acting upon an application for subdivision, acts in an administrative capacity, RKDevelopment Corporation v. Norwalk, 156 Conn. 369, 376. When so acting, a commission's function is limited to a determination whether an applicant's proposed use is one which satisfies the standards set forth in the regulations and statutes, Kaufman v.Zoning Commission, 232 Conn. 122, 150. While a commission does not have discretion to deny [a subdivision application] when the proposal meets the standards, it does have the discretion to determine whether the proposal meets the standards set forth in the regulations, Irwin v. Planning Zoning Commission,244 Conn. 619, 628. "If, during the exercise of its discretion, the zoning commission decides that all of the standards enumerated in the" {subdivision} "regulations are met, then it can no longer deny the application. The converse is, however, equally true,." Id.
Density is one of the open space design standards included in the Guilford regulations, Section 272-21 D (1), supra. The density formula embodied in the standard sets a maximum number of lots allowable in an open space subdivision but does not strip the commission of discretion to approve a number of lots less than the maximum, based on the particularities of a given property. It is evident from the minutes of the April 9, 1998 meeting that the density issue was a major concern of commission members. While the court assumes, without deciding, that the CT Page 9224 "bonus lot" formula of Section 272-21 D (1) was intended to act as an incentive for developers to apply for open space subdivisions, it does not give an applicant an entitlement to the maximum number of lots permitted under the formula.
Section 272-21 D does not exhaust the standards the commission must consider in determining the density appropriate to a proposed development. There are, in addition, other standards applicable to all subdivision applications, including Section 272-31 Building lots; and Section 272-32 Streets.
The commission's approval of the concept of an open space subdivision on October 15, 1997 did not signify that the commission found the proposed 30 standard lots met the density standard. Nor was the commission bound by a statement by the town planner at the January 29th special meeting that "the lots meet regulation standards" (ROR 52, p. 2) The commission based its decision to limit the number of open space subdivision lots on its analysis of the standard subdivision plan. The commission exercised its judgment that 35 lots was more than the land could bear and limited the total to thirty as the maximum warranted by the circumstances. If there is substantial evidence in the record to support its decision, the decision must stand.
 V
In deciding to approve the said open space subdivision application with the condition that the plans be revised to reflect a maximum of 30 lots, the commission stated its reasons:
 "This number of lots is based upon an analysis of the standard Subdivision plan which proposed a number of lots which was not feasible given the significant wetland crossings of Hoadley Creek required in that plan and the speculative nature of the vehicular access to the Medlyn property. For this reason the Commission felt that a reduction of the total number of lots was warranted."
A review of the record reveals substantial evidence to support the commissions conclusion that density of the standard subdivision was not "real", because of extensive wetlands crossings required for the Hoadley Creek area lots and because of the speculative nature of the proposed vehicular access to the same 13 lots ("the Medlyn property"). CT Page 9225
Had the plaintiff applied for approval of the standard subdivision, it would need review and approval from the Inland Wetlands Commission for regulated activities on certain of the lots before the defendant commission could act on the application. In the absence of such review by Inland Wetlands, the defendant exercised its judgment to conclude that the plaintiff would be unable to obtain approval for all lots as submitted in the standard subdivision plan.
Similarly, the defendant commission concluded that the proposed access to the lots of the Medlyn parcel via a 4200 foot private road through a neighboring town failed to satisfy the requirements of Regulations, Section 272-32.
The applicant makes much of the use of the word feasible by the commission, claiming the commission impermissibly sought to substitute "feasible" for "permitted". The claim is without merit. Because of its determination that the density proposed was not feasible, the commission permitted a maximum of 30 lots.
The court finds that the commission had the discretion to approve the plaintiff's open space subdivision with the condition that the total number of lots be limited to 30. The court finds that there was substantial evidence in the record to support the commission's decision. The plaintiff has failed to establish, by a fair preponderance of the evidence, that the defendant denied the plaintiff's application, nor that the commission, in approving the said application with modification, acted illegally, arbitrarily or in abuse of its discretion.
Accordingly, the plaintiff's appeal is dismissed and judgment may enter in favor of the defendant, the Planning Zoning Commission of the Town of Guilford.
By the Court,
Downey, J.